UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Lequinn Sarvis, | ) C/A No. 5:14-2695-TMC-KDW |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| FCI Williamsburg Warden Cruz, | ) |
| Respondent. | ) |

Travis Lequinn Sarvis ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution ("FCI")-Williamsburg in Salters, South Carolina, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

I.   Factual and Procedural Background

Petitioner was convicted on a guilty plea of being a felon in possession of a firearm and given a 240-month prison sentence by this court on August 25, 2008. *United States v. Sarvis*, No. 4:06-cr-01241-TLW-1 (D.S.C.). His sentence was enhanced under the Armed Career Criminal Act ("ACCA") provisions of 18 U.S.C. § 924(a)(2), (e). *Id*. at ECF No. 126. The sentence was later reduced to 200 months on motion of the United States Attorney. *Id*. at ECF Nos. 131, 140. Petitioner did not appeal his conviction, but he appealed his sentence, arguing he should have received a greater sentence reduction. The Fourth Circuit Court of Appeals ("Fourth Circuit") affirmed Petitioner's sentence on December 29, 2010. *United States v. Sarvis*, 406 F. App'x 709 (4th Cir. 2010). Petitioner filed a § 2255 motion based on claims that he was "actually innocent" of being an armed career criminal because two state commercial burglary convictions allegedly used to support the enhanced sentence were non-violent. No. 4:06-cr-01241-TLW-1 (ECF No.

152 at 3-4). That motion was denied as untimely by Order dated January 11, 2012. *Id*. at ECF No. 165. The Fourth Circuit affirmed the denial of Petitioner's § 2255 motion on August 20, 2012. *United States v. Sarvis*, 475 F. App'x 479 (4th Cir. 2012).

Before he filed the § 2241 Petition under review in this case, Petitioner unsuccessfully pursued additional pro se motions in his criminal case seeking further reduction of sentence, No. 4:06-cr-01241-TLW-1 (ECF Nos. 188, 195, 196), and unsuccessfully sought permission from the Fourth Circuit to file a second § 2255 motion. *In re Sarvis*, No. 14-222 (4th Cir. May 21, 2014). In his motion to the Fourth Circuit, Petitioner again argued that he was actually innocent of being an armed career criminal and relied on the United States Supreme Court's opinion in *Descamps v. United States*, 133 S. Ct. 2276 (2012), and the Fourth Circuit's recent opinions in *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013), and *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), *reh'g en banc granted,* Nos. 13–7152, 1:09–cr–00069–MR–1, 1:12–cv–00118–MR, 2014 WL 3377981 (4th Cir. July 10, 2014). *See In re Sarvis*, No. 14-222 (ECF No. 2 at 7); *see also Colonial Penn Ins. Co. v. Coil*, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

In the § 2241 Petition now under review, Petitioner contends that the § 2255 remedy is inadequate and ineffective because he has been prevented from pursuing his present claims by this court and the Fourth Circuit, ECF No. 1-1 at 2, 5, and that he is actually innocent of the ACCA enhanced sentence he is currently serving, ECF No. 1. Petitioner contends that, under *Descamps*, *Hemingway*, and *Whiteside*, two South Carolina third-degree burglary convictions used as support for the sentencing judge's application of the ACCA enhancement to his sentence

2

are no longer the types of convictions upon which an ACCA sentence may be based. *Id*. Petitioner contends that this court should consider his claim under the test established by *In re Jones*, 226 F.3d 328 (4th Cir. 2000), ECF No. 1-1 at 5-11,[1] and that the court should further reduce or vacate his enhanced sentence,[2] which he contends is "in excess of the statutory maximum prescribed and permitted under the law . . . ." ECF No. 1-1 at 4.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v.*

---

[1] In an attempt to overcome the Fourth Circuit's prohibition on using § 2241 to test the validity of an ACCA-enhanced sentence because the conduct of which the petitioner was "convicted" has not been made non-criminal (the second prong of *In re Jones* test), Petitioner adds a phrase not included in the Fourth Circuit's *Jones* opinion: "or imposed punishment on him which the law cannot impose." ECF No. 1-1 at 6. The actual language used by the Fourth Circuit in describing the *Jones*-test's second prong is " (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the *conduct of which the prisoner was convicted* is deemed not to be criminal . . . ." 226 F.3d at 334 (emphasis added).

3

*Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

III.    Analysis

The § 2241 Petition under review is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless

---

[2] Petitioner does not ask for any specific type of relief in his Petition. Instead, he broadly states "the applicant prays that the Court grant applicant relief to which he may be entitled in this proceeding." Pet. 8, ECF No. 1.

> it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). In this case, Petitioner has already filed one unsuccessful § 2255 motion in his criminal case in this court and the Fourth Circuit denied him permission to file a second one based on a United States Supreme Court case and two Fourth Circuit cases all decided after the conclusion of his initial § 2255 motion. However, it is settled that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner's allegations fail to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. *See Jones*, 226 F.3d 328. The *Jones* court held that, in order to challenge the validity of a conviction or sentence based on new law, a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333-34.

The Petition under review fails to demonstrate that the conduct for which Petitioner was convicted (possession of a firearm by a convicted felon) has been deemed non-criminal by any substantive law change since the conclusion of his initial § 2255 motion. Instead, Petitioner

alleges that he is "actually innocent" of his sentence enhancement pursuant to the ACCA and argues that his previous South Carolina third-degree burglary convictions do not qualify as crimes of violence under the ACCA in light of *Descamps v. United States*, 133 S. Ct. 2276 (2012), and the Fourth Circuit's previously cited *Hemingway* and *Whiteside* cases. ECF No. 1-1 at 10-12.

However, *Descamps* has not been declared retroactive on collateral review. *See Baker v. Zych*, No. 7:13-cv-512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014) (collecting cases holding that *Descamps* is not retroactive on collateral review); *Williams v. Ziegler*, No. 5:12-cv-398, 2014 WL 201713, at *2 n.3 (S.D.W. Va. Jan. 17, 2014) (same). Therefore, Petitioner's reliance on *Descamps* as the basis for this § 2241 Petition is misplaced. Also, the Fourth Circuit's *Whiteside* opinion is not binding on any court at this time because, as previously noted, the court granted rehearing en banc in that case and has not concluded that process at this time. And, like *Descamps*, the *Hemingway* case has not been made retroactive on collateral review. *See Thompson v. United States*, No. 7:14–cv–02881–GRA, 2014 WL 3809538, *2 n.3 (D.S.C. July 30, 2014) (stating that the Fourth Circuit has not discussed retroactivity of *Hemingway*). Furthermore, the Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (challenge to sentencing factor is not cognizable under § 2241). Because Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his conviction or sentence and has not presented a cognizable § 2241 actual innocence claim under the *Jones* case, this matter should be dismissed.

IV.      Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

August 20, 2014                                                                  Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).