IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Travis Lequinn Sarvis, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | C.A. No. 5:14-cv-02695-TLW |
| FCI Williamsburg Warden Cruz, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**ORDER**

Petitioner Travis Lequinn Sarvis, proceeding *pro se* and *in forma pauperis*, filed this Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and challenging his sentence of 200 months. Doc. #1. The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on August 20, 2014, by Magistrate Judge Kaymani D. West, Doc. #13, to whom this case was previously assigned. In the Report, the Magistrate Judge recommends that the § 2241 Petition be dismissed without prejudice. Plaintiff filed objections to the Report on September 8, 2014. Doc. #17. Also before the Court is Petitioner's Motion for Leave to Supplement Petition. Doc. #23.

As an initial matter, the Court has reviewed the Petitioner's Motion for Leave to Supplement Petition. Doc. #23. Because the Motion relies on a case – Persaud v. United States, 134 S. Ct. 1023, (2014) – that was decided before the Petitioner filed this § 2241 petition, the motion is more properly a motion to amend. See FRCP Rule 15. A motion to amend should be denied when the amendment would be futile. Franks v. Ross, 313 F.3d 184, 193, 198 n.15 (4th Cir. 2002). As outlined below, the Court finds that the amendment sought by the Petitioner would be futile.

The case relied upon by the Petitioner in his motion to amend – Persaud – offers no support to Petitioner's claims. As a preliminary matter, while the Supreme Court granted a writ of certiorari in Persaud and remanded the case to the Fourth Circuit, the Supreme Court did not decide the legal issue in the case: whether the *only* fundamental error that meets the requirements of the savings clause is a conviction for conduct that is not criminal. See Persaud, 134 S. Ct. 1023; see also Government's Brief, Persaud v. United States of America, 2013 WL 7088877 (U.S.), 22. Rather, in granting a writ of certiorari, the Supreme Court remanded the case "for further consideration in light of the position asserted by the Solicitor General…." Persaud, 134 S. Ct. 1023. As a result, the legal issue in Persaud remains undecided.

Moreover, even if the Fourth Circuit accepts the Government's argument in Persaud and broadens access to § 2241 relief through the savings clause, Petitioner's reliance on the case is still unavailing. Unlike in the Petitioner's case, Persaud involved a defendant raising claims pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), a case which is retroactively applicable on collateral appeal. See Government's Brief, Persaud v. United States of America, 2013 WL 7088877 at 7; see also Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013) (holding that "Simmons announced a new substantive rule that is retroactive on collateral review…."). Furthermore the Petitioner's sentence is based on his 11(c)(1)(C) plea and not on the sentencing guidelines. United States v. Sarvis, No. 4:06-cr-01241-TLW-1 (D.S.C.) at ECF No. 127; see United States v. Powell, 347 F. App'x 963, 965 (4th Cir. 2009) ("A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the guidelines."). Thus, Persaud has no impact on the Petitioner's case and his motion seeking to amend his petition is futile. Therefore, the motion, Doc. #23, is **DENIED.**

The Court has also reviewed the Report and the objections. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the Report and the objections. After careful review of the Report and objections thereto, the Court hereby **ACCEPTS** the Report. Doc. #13. The Petitioner's objections, Doc. #17, are **OVERRULED**. The Petitioner's § 2241 Petition is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

                                                  s/Terry L. Wooten
                                            Chief United States District Judge

January 30, 2015
Columbia, South Carolina